Maria Cristina MARTINEZ DE MARTINEZ, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 06–72561.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 **.

Filed Dec. 10, 2007.

Maria Cristina Martinez De Martinez, Pomona, CA, pro se.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, R. Alexander Goring,

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM ***

Maria Cristina Martinez De Martinez, a native and citizen of Mexico and lawful permanent resident of the United States, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision finding her removable for participating in alien smuggling and denying her application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005). We deny the petition for review.

 The agency determined that Martinez De Martinez knowingly participated in the smuggling plan by pretending to be the alien child's mother. Contrary to her contention, Martinez De Martinez's actions "provided some form of affirmative assistance to the illegally entering alien." *Id.* at 592.

 Martinez De Martinez contends that the IJ afforded undue evidentiary weight to the I–213. However, the I–213 was admitted without objection, and it comported with the testimony of Martinez De Martinez's husband that she knew the child did not have means to legally enter the United States and still participated in

the plan to pose as the child's mother. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir.1995) (I–213 is presumed to be reliable, and "[t]he burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence").

Martinez De Martinez's contention that the BIA failed to address her arguments regarding the I–213 is not supported in the record. The BIA adopted and affirmed the IJ's factual findings and determination regarding Martinez De Martinez's removability and stated that it concurred with the IJ's conclusions after considering her contentions on appeal. *See Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir.2005) (en banc).

 The IJ properly determined that Martinez De Martinez abandoned her application for cancellation of removal when she did not file it by the IJ's December 29, 2004, deadline. *See* 8 C.F.R. § 1003.31(c) (stating IJ may set filing deadlines, and directing IJ to deem waived an application not filed by the deadline). Accordingly, the agency did not violate Martinez De Martinez's due process rights by refusing to accept her cancellation application on the day of the hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation). In her opening brief, Martinez De Martinez fails to address, and therefore has waived any challenge to, the IJ's denial of her request for a continuance on the day of the merits hearing to allow her to file her cancellation application. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Martinez De Martinez's contention that the IJ erred by denying relief pursuant to 8 C.F.R. § 245.1(c)(8) lacks merit.

**PETITION FOR REVIEW DENIED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.